**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOYCELINE MWANGI,

    Defendant - Appellant.

No. 25-5173
(D.C. No. 4:25-CR-00200-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **FEDERICO**, Circuit Judges.
_____

Joyceline Mwangi pled guilty to misprision of felony pursuant to a plea agreement. The district court adopted the parties' joint recommendation that Ms. Mwangi be sentenced to two years' probation, which was below the statutory maximum of three years' imprisonment. The court also ordered Ms. Mwangi to pay $70,000 in restitution. Ms. Mwangi filed a notice of appeal. The government has moved to enforce the appeal waiver in her plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Mwangi's counsel filed a supplemental response to the motion citing *Anders v. California*, 386 U.S. 738 (1967). Counsel indicated there was no non-frivolous argument to oppose the government's motion to enforce, and he requested the court permit him to withdraw.

Consistent with *Anders*, 386 U.S. at 744, we gave Ms. Mwangi the opportunity to file a pro se response. In her response, she appears to argue that her appeal waiver was not knowing and voluntary because she did not fully understand the consequences of waiving her right to appeal. In her docketing statement, she indicates she wants to appeal her sentence.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

We have fully examined all the proceedings, including the plea agreement and the plea colloquy, as well as counsel's supplemental response and Ms. Mwangi's pro se response. After doing so, we agree there is no non-frivolous basis to oppose the government's motion.

2

We therefore grant the government's motion to enforce the appeal waiver (Dkt. No. 22), and dismiss the appeal.  We also grant counsel's request to withdraw as Ms. Mwangi's attorney (embedded in Dkt. No. 27).

Entered for the Court

Per Curiam